# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:12-CR-0058** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **AZIM SHOWELL** | : | |

## **MEMORANDUM**

Presently before the court is defendant Azim Showell's ("Showell") motion to suppress evidence. (Doc. 148). Showell asserts that Officer Tyson L. Baker ("Officer Baker") of the Fairview Township Police Department impermissibly extended the length of a February 14, 2012, traffic stop involving Showell. Showell also contends that Officer Baker's affidavit of probable cause was insufficient to justify the issuance of a search warrant. Thus, Showell argues that any evidence found and seized from the vehicle must be suppressed. For the following reasons, the court will deny the motion.

## I.  **Findings of Fact**[1]

On February 14, 2012, at approximately 4 a.m., Officer Baker pulled over a 2011 Chevrolet Malibu on the northbound shoulder of Interstate 83, near exit 39-B, for suspected traffic violations. (Doc. 175 at 4, 7). The driver of the vehicle identified himself as Tarjay Taylor, but he advised that he did not have and has never possessed a driver's license. (Id. at 8, 31-32). Ultimately, Officer Baker was

---

[1] The court's findings are based upon the court's assessment of the credibility of the testimony and information provided at the August 27, 2013, hearing on the motion.

unable to definitively identify the driver.  (Id. at 10).  Showell was the front seat passenger in the vehicle.  Showell provided Officer Baker his driver's license and an expired Hertz rental agreement for the vehicle.  (Id.)

Officer Baker approached and reapproached the vehicle several times in an attempt to gather information and identify the vehicle's driver.  (Id. at 10).  He was assisted by Officer William H. Buzzard ("Officer Buzzard").  (Id. at 10, 26, 27).  The vehicle occupants explained that they were coming from Baltimore.  (Id. at 9).  Showell said he was from Harrisburg and the driver said he was from Philadelphia.  (Id.)  However, Mr. Showell told the officers that somebody else had rented the car in Hazleton.  (Id. at 9, 11).  Officer Baker spoke with a Hertz representative, who advised that the vehicle was rented in the name of Eric Saunders with Showell as an authorized user.  (Id. at 13).  The Hertz representative also explained that the Hertz rental agreement had been extended.  (Id. at 14, 33, 38).  The name Tarjay Taylor was not listed as an authorized user of the vehicle.  (Id. at 13).

While gathering this information, Officers Baker and Buzzard observed a "noticeable" amount of suspected marijuana remnant on the floorboard of the vehicle.  (Id. at 11, 47).  Showell advised that he did not smoke marijuana, but one of his cousins may have been rolling a blunt in the vehicle.  (Id. at 15).  At that point, Officer Baker requested that Showell provide him with consent to search the vehicle.  (Id.)  Showell consented to a search.  (Id.)  Officer Baker went to the rear of the vehicle and hit the trunk release button, at which time Showell relinquished his consent.  (Id.)  Officer Baker explained that without Showell's consent, he would

2

impound the vehicle and apply for a search warrant. (Id. at 16). He then advised both Showell and the driver that they were free to leave. (Id.) The vehicle's driver left immediately. (Id.) Showell stayed on the scene for a period of time even though Officer Baker repeatedly advised him that he could leave. (Id.) Officer Baker estimates that approximately 45 minutes elapsed from the initial traffic stop to when he advised the vehicle occupants that they were free to leave. (Id. at 17).

Officer Baker subsequently oversaw the towing and impoundment of the vehicle. (Id. at 17, 18). Once the vehicle was impounded, he performed a field test of the suspected marijuana remnants found on the floorboard of the vehicle. (Id. at 19). The remnants tested positive for marijuana. (Id.) Officer Baker then applied for and obtained a search warrant for the vehicle. (Id. at 19, 20). The warrant authorized the search and seizure of "Marijuana, a Schedule I Controlled Substance, along with any other drugs, paraphernalia, contraband, business records, cash, identification, weapons, or any other items associated with the use, sale, and/or delivery of controlled substances." (Doc. 162-1). Upon execution of the search warrant, law enforcement found two firearms, $10,000 in cash, four bundles of heroin, identification for Showell, and other materials in the trunk. (Docs. 162-1, 175 at 51).

## II. **Procedural History**

On February 29, 2012, a grand jury returned a ten-count indictment against Showell and four others. (Doc. 1). A superseding indictment was filed on February 20, 2013, charging Showell with 1) conspiracy to distribute heroin, cocaine, and

3

cocaine base; 2) possession with the intent to distribute and distribution of heroin, cocaine, and twenty-eight grams and more of cocaine base from August 2011 to January 9, 2012; 3) possession with the intent to distribute and distribution of heroin, cocaine, and cocaine base from January 22, 2012 to February 2, 2012; 4) possession or receipt of stolen firearms; 5) possession with the intent to distribute and distribution of heroin; and 6) possession of a firearm in furtherance of a drug trafficking offense. (Doc. 107). Showell pleaded not guilty to all counts. (Doc. 125).

On July 15, 2013, Showell filed the instant motion to suppress.[2] (Doc. 148). In the initial motion, Showell contended that the initial stop of the vehicle, the length of that stop, and the issuance of the search warrant for the vehicle were unreasonable under the Fourth Amendment. (Id.) The court conducted an evidentiary hearing on the motion on August 27, 2013. (Doc. 175). Showell filed a brief in support of his motion on September 12, 2013, in which he concedes the legality of the initial traffic stop. (Doc. 181 at 3). The motion is fully briefed and ripe for disposition.

## III. Discussion

Showell concedes that the initial stop of the vehicle was lawful, but asserts that Officer Baker did not acquire reasonable suspicion to extend the traffic stop beyond its initial justification. Showell also alleges that Officer Baker's affidavit of

---

[2] Showell has standing to file such a motion as an authorized user of the rental vehicle. See United States v. Kennedy, 638 F.3d 159, 165 (3d Cir. 2011) (indicating that both the renter and an authorized user of a rental vehicle have a legitimate expectation of privacy in the vehicle).

4

probable cause did not support the issuance of a search warrant. He contends that all evidence gained from the stop and subsequent search of the vehicle must be suppressed as "fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471, 488 (1963).

### A. Extension of the Traffic Stop

Showell asserts that Officer Baker should have terminated the traffic stop after learning that Showell had a valid license and was an authorized driver of the rental vehicle. An officer may detain a vehicle for an investigatory stop when the officer possesses reasonable suspicion supported by articulable facts that criminal activity is afoot. United States v. Delfin-Colina, 464 F.3d 392, 396-97 (3d Cir. 2006) (internal citations omitted). Once a law enforcement officer has detained a suspect based upon reasonable suspicion, the officer must only engage in activities calculated to confirm or dispel his or her suspicion. United States v. Sharpe, 470 U.S. 675, 686 (1985). However, an officer may extend an investigative detention if he or she develops reasonable suspicion concerning additional criminal activity. United States v. Givan, 320 F.3d 452, 458 (3d Cir. 2003). In determining whether an officer impermissibly extended an investigative detention, the court must consider "the law enforcement purposes to be served by the stop as well as the time reasonably needed to effectuate those purposes." Sharpe, 470 U.S. 685. In determining whether the officer possessed continuing reasonable suspicion throughout the course of an investigatory detention, the court must consider the

5

totality of the circumstances in light of the officer's experience. Givan, 320 F.3d at 458.

The court finds that the evolution of the instant traffic stop into a drug investigation was supported by Officer Baker's reasonable suspicion at every step. A large portion of the investigatory detention was consumed by Officer Baker's efforts to identify the driver of the vehicle and determine the validity of the Hertz rental agreement. During his efforts to obtain more identifying information, Officer Baker learned a number of facts that, based on his extensive experience and training in law enforcement and drug interdiction, created a reasonable suspicion that the vehicle occupants were engaged in drug trafficking. The occupants were driving at 4 a.m. from Baltimore to Harrisburg on Interstate 83. The vehicle's occupants stated that they lived in two separate areas – Harrisburg and Philadelphia – and that the vehicle was rented by yet another person from yet another location – Hazleton. The officers could not confirm the identity of the driver, who was not an authorized user of the rental vehicle. Most significantly, Officers Baker and Buzzard observed a "noticeable" amount of suspected marijuana remnant on the floorboard of the vehicle. Officer Baker specifically testified at the suppression hearing that, based on his training and experience, the use of a rental vehicle, travel at night, the vehicle occupants' stated route of travel, and the presence of marijuana remnant are all potential indicators of drug trafficking activity. (Doc. 175 at 34, 35, 39). Despite this multitude of suspicious facts, the stop only lasted approximately 45 minutes. The court finds that Officer

6

Baker's actions were supported by reasonable suspicion and that the stop was not impermissibly extended in violation of the Fourth Amendment.

### B. Probable Cause for the Search Warrant

Showell further contends that Officer Baker's affidavit did not articulate sufficient probable cause to justify the issuance of a search warrant for the vehicle. Relatedly, Showell argues that Officer Baker's request to search the vehicle and seize "marijuana, other drugs, paraphernalia, contraband, business records, cash, identification, weapons, or any other items associated with the use, sale, and/or delivery of controlled substances" was overly broad and not supported by the affidavit. (Doc. 181 at 7). The government counters that Officer Baker articulated sufficient probable cause and that, in any event, the good faith exception to the Fourth Amendment's exclusionary rule applies. See United States v. Leon, 468 U.S. 897 (1984).

When determining whether an affidavit of probable cause is sufficient to satisfy the requirements of the Fourth Amendment, a reviewing court must determine whether the issuing judge had a "substantial basis" for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (internal quotation omitted); see also United States v. Whitner, 219 F.3d 289, 296 (3d Cir. 2000). In making this determination, the court must give "great deference" to the issuing judge's assessment of probable cause. Gates, 462 U.S. at 236 (internal citation omitted); United States v. Williams, 3 F.3d 69, 72 (3d Cir. 1993).

Probable cause is an amorphous concept. Ornelas v. United States, 517 U.S. 690, 695-96 (1996). It is "not readily, or even usefully, reduced to a neat set of legal rules." Id. (quoting Gates, 462 U.S. at 232). Its existence must be determined from the view of the officer on the street, not the judge in the courtroom. United States v. Sokolow, 490 U.S. 1, 7-8 (1989); see also United States v. Cortez, 449 U.S. 411, 418 (1981). The dispositive question is whether the investigating officer, with his or her experience and based on the facts then known, could have reasonably concluded that the area to be searched more likely than not contained evidence of a crime. Gates, 462 U.S. at 238.

In the case *sub judice*, Officer Baker's belief that additional amounts of marijuana could be found in the vehicle was reasonably based upon the presence of a "noticeable" amount of marijuana remnant. See United States v. Brown, 261 Fed. App'x 371, 375 (3d Cir. 2008) ("The sight and smell of marijuana certainly provided probable cause for the detective to search [defendant's] car and its contents."). Moreover, the presence of a "noticeable" amount of marijuana remnant combined with the suspicious nature of Showell's travel provided Officer Baker with sufficient probable cause to request the search and seizure of any items associated with drug trafficking. The issuing judge had a substantial basis for concluding that probable cause existed and that the search warrant was valid.

Officers Baker and Buzzard did not violate Showell's constitutional rights under the Fourth Amendment during the stop or search of the rental vehicle;

therefore, the exclusionary rule does not apply to any evidence obtained as a result of the stop or search.

**IV.** **Conclusion**

For the foregoing reasons, the motion to suppress (Doc. 148) will be denied. An appropriate order follows.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     December 5, 2013